# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cynthia M. Ferrara, | No. CV-13-01695-TUC-RCC (DTF) |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| v. | |
| 21st Century North America Insurance Company, et al., | |
| Defendants. | |

Pending before the Court is Defendant's Motion to Remand. (Doc. 15.) Plaintiff filed a response and Defendant replied. (Docs. 17, 20.) Pursuant to the Rules of Practice in this Court, the matter was assigned to Magistrate Judge Ferraro for a report and recommendation. The Magistrate recommends the District Court, after its independent review of the record, enter an order remanding the case to state court.

## BACKGROUND

On August 27, 2013, Plaintiff Cynthia Ferrara filed a class action complaint in the Pima County Superior Court.[1] (Doc. 1, Ex. 2.) Plaintiff Ferrara alleged that Defendant 21st Century North American Insurance Company offered, and continues to offer, motor

---

[1] The factual allegations are taken from the Amended Complaint filed in this Court, which was amended to reflect accurately the insurance policy language and the ownership of Defendant company. (*Compare* Doc. 1, Ex. 2, *with* Doc. 9.)

vehicle insurance in Arizona and other states, including medical payments coverage ("medpay"). (Doc. 9 at 2.) The policy provides that Defendant will pay:

> reasonable and necessary medical expenses . . . because of *bodily injury*:
> (1) Caused by *accident* arising out of the *ownership*, maintenance or use of an *auto* or *trailer*; and (2) Sustained by an insured.

(*Id.*, Ex. 1 at 6.) The policy has a medpay coverage exclusion for bodily injury "[o]ccuring during the course of employment if workers' compensation benefits are required or available for the *bodily injury*." (Doc. 9, Ex. 1 at 7.)

Plaintiff Ferrara was injured in a car accident on March 23, 2011, at which time she was covered under a policy with the above-cited medpay provisions. She was also eligible for worker's compensation benefits for medical care. Ferrara incurred $3,981.59 in medical expenses as a result of the accident. She settled her third-party claims against the responsible driver and his insurance company. Ferrara was then required by Arizona law to reimburse $2,053.91 to her worker's compensation carrier for payments it had made as a result of the accident.

Ferrara submitted her bills to Defendant insurance company, seeking coverage under the medpay provision of her policy. Ferrara alleges that, due to the worker's compensation reimbursement rights, worker's compensation benefits were never payable. Ferrara alleges that Defendant wrongfully denied her claim based upon the above-cited exclusion. She asserts claims for breach of contract and declaratory judgment. (Doc. 9 at 9, 10.) Plaintiff seeks on behalf of herself, and members of the class, a declaratory judgment that Defendant violated contractual and good faith duties, compensatory damages, interest, and attorneys' fees. (*Id.* at 10, 11.)

Ferrara brings the complaint on behalf of all other similarly situated persons. The scope of the class is defined as all persons that:

> (A) were covered by 21st Century automobile policies with medical expense coverage . . . and (B) during the class period [March 2011 to the present] . . . : (1) submitted claims for payment of expenses to 21st Century pursuant to 21st Century's auto insurance policies' medical payment provisions; and (2) had medpay claims denied based upon the "other insurance"/worker's compensation exclusionary clause set forth above were [sic] the insured had reimbursed the worker's compensation carrier for any benefits paid.

(Doc. 9 at 5-6.) Plaintiff alleges the class consists of over 1000 persons. (Doc. 9 at 6.)

On November 14, 2013, Defendant removed this action to federal court, relying upon the Class Action Fairness Act, 28 U.S.C. § 1332(d), as the source of jurisdiction. (Doc. 1 at 1-2.) On December 5, 2013, Plaintiff filed in this Court a First Amended Class Action Complaint. (Doc. 9.)

## DISCUSSION

Plaintiff moves for the Court to remand this action to the Pima County Superior Court because she argues Defendant failed to establish the necessary amount in controversy for subject matter jurisdiction. Defendant disagrees and also argues that Plaintiff is precluded from remand because she voluntarily has invoked the Court's jurisdiction.

Title 28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant." If there is doubt regarding the propriety of removal, a case should be remanded. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir.

2003). District courts have original jurisdiction over "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which – (A) any member of a class of plaintiffs is a citizen of a State different from any defendant . . ."[2] 28 U.S.C. § 1332(d)(2).

The parties agree that Defendant has the burden, by a preponderance of the evidence, of establishing the amount in controversy. *Lewis v. Verizon Comm., Inc.*, 627 F.3d 395, 397 (9th Cir. 2010). The complaint does not assert a cumulative amount in controversy for the class. (Doc.1, Ex. 2; Doc. 9.) "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Id.* at 400 (citing *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008)). In evaluating the amount in controversy, the Court considers facts presented in the removal petition and "summary-judgment-type evidence" relevant to the question. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

Defendant contends the amount in controversy can be established three ways. First, Defendant alleges that the amount in controversy is satisfied because the class has at least 1000 members and the medpay policy limit for Plaintiff's policy is $5000. By multiplying those two numbers, Defendant asserts a total over $5 million. Neither Plaintiff nor Defendant allege that all of Defendant's auto insurance policies have medpay limits of at least $5000. More critically, there is no allegation or evidence to support an assumption that all medpay claims reach the policy limits. To the contrary,

---

[2] The diversity requirement has been met. Additionally, the number of proposed plaintiffs must be at least 100. 28 U.S.C. § 1332(d)(5)(B). Plaintiff alleges a class of at least 1000, therefore, that provision is satisfied and not in dispute in this case.

- 4 -

Plaintiff's claim was for less than $4000. This argument fails to establish the amount in controversy by a preponderance of the evidence.

Second, Defendant argues that the amount is controversy is satisfied because Plaintiff's medpay amount is $3981.59, and she alleges her claims are typical of the class. Thus, for 1000 members, the damage total would be $3,981,590, plus additional relief sought. Plaintiff seeks attorney fees pursuant to A.R.S. § 12-341.01, which allows the award of fees for actions arising out of contract. When fees are statutorily authorized, they may be included in the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). Defendant contends that the Ninth Circuit generally bases a fee award in a class action case on a percentage recovery from a common fund, and 25% is the benchmark award. Adding a 25% fee award, brings the amount in controversy to $4,976,987.50. Defendant argues the Court should also include punitive damages, which are available for bad faith claims. In Count Two, Plaintiff seeks a declaratory judgment "that the practices and policies challenged herein violate the contractual and good faith duties owed by 21st Century to its insureds and provider assignees." (Doc. 9 at 10.) However, Plaintiff does not seek monetary punitive damages for bad faith, she seeks only a declaratory judgment. (*See* Doc. 9.) Therefore, the Court will not include punitive damages and this argument falls short of establishing the requisite amount in controversy.

Third, Defendant submitted evidence to support its assertion that the amount in controversy satisfies the jurisdictional amount. By way of declaration of Sylvia Ting, a Claims Compliance Database Specialist with Defendant company, Defendant asserts the

- 5 -

amount in controversy is in excess of $5,435,000. (Doc. 1-4.) Ting reviewed records for all payments, between March 1, 2011 and the present, by Defendant 21st Century for claims made on auto insurance policies containing medpay coverage (more than 4500 claims with payments totaling over $24,000,000). (*Id.*) She declares that, during that time period, the payments on such claims averaged $5,435. She reached a total over $5 million dollars by multiplying the average paid claim by a class of 1000.

Defendant's calculation does not correlate to the class as asserted by Plaintiff. Two critical components of the class are that the members (1) submitted a claim under the medical payments provision of an auto insurance policy issued by Defendant, and (2) the medpay claim was denied. First, the claims included in Ting's analysis were for more than medpay payments, they include "claims made . . . on its automobile insurance **policies** containing Medical Payment Coverage."[3] (Doc. 1-4 (emphasis added).) If the average total auto insurance claim paid out during the class period was $5,435 then the limited evidence before the Court does not establish that it is more likely than not that the medpay portion alone was over $5000. Second, Ting's declaration quantifies 4500 payments made by Defendant. This is inapposite to the class of 1000 or more persons whose claims were denied, and even further removed from denials based on worker's compensation benefits. The evidence relevant to the articulated class is within Defendant's control, yet the company chose not to provide it or explain its absence. For

---

[3] In its brief, Defendant represents Ting's declaration as classifying the $5435 amount as strictly medpay payments. (Doc. 17 at 10.) Review of the declaration itself clarifies that the $5435 average payment was for automobile policies containing medpay coverage. Thus, medpay coverage was included in the payments but was not necessarily the exclusive basis for payment. Even if Defendant's brief is accurate and the declaration merely was drafted inartfully, this argument fails for the second reason discussed.

- 6 -

both of the above reasons, the evidence submitted by Defendant fails to carry its burden.

As a final matter, Defendant argues that since removal Plaintiff has invoked this Court's jurisdiction by submitting a form consenting to the exercise of jurisdiction by a Magistrate Judge, filing a jury trial demand, and filing an amended complaint alleging jurisdiction in this Court. In the Amended Complaint, Plaintiff states that jurisdiction is "proper in this Court," (Doc. 9 at 2), just as she stated in the initial complaint filed in state court (Doc. 1, Ex. 2 at 2). Contrary to Defendant's argument, "[s]ubject matter jurisdiction cannot be conferred upon the court by consent or waiver." *Clapp v. C.I.R.*, 875 F.2d 1396, 1398 (9th Cir. 1989). Defendant cites numerous cases for the proposition that voluntary amendment in federal court waives the right to remand. (Doc. 17 at 4-5.) In assessing removal jurisdiction this Court looks to the complaint at the time removal was effected. *O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1379 (1988). There are exceptions not implicated in this case, if the amendment invokes federal jurisdiction, s*ee Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 & n.3 (9th Cir. 2000), or if the case proceeded to final judgment, *O'Halloran*, 856 F.2d at 1379 n.2. Here, final judgment has not been entered, and Plaintiff's Amended Complaint contains only state law claims and does not establish the necessary amount in controversy for class action diversity jurisdiction. As addressed above, Defendant has not carried its burden to establish subject matter jurisdiction based on the allegations in the original or amended complaint.

## RECOMMENDATION

Based on the foregoing, the Magistrate Judge recommends the District Court grant

Plaintiff's Motion (Doc. 15) and remand this case to the Pima County Superior Court.

Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation. A party may respond to the other party's objections within fourteen days. No reply brief shall be filed on objections unless leave is granted by the district court. If objections are not timely filed, they may be deemed waived.

Dated this 11th day of June, 2014.

D. Thomas Ferraro
United States Magistrate Judge