# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cynthia M Ferrara, <br><br> Plaintiff, <br><br> v. <br><br> 21st Century North America Insurance Company, et al., <br><br> Defendants. | No. CV-13-01695-TUC-RCC <br><br> **ORDER ADOPTING MAGISTRATE JUDGE FERRARO'S REPORT AND RECOMMENDATION AND REMANDING CASE TO STATE COURT** |

Pending before the Court is Ms. Ferrara's Motion to Remand to State Court. (Doc. 15). Magistrate Judge Ferraro issued a Report and Recommendation on June 11, 2014 (Doc. 29, hereby incorporated by reference). 21st Century North American Insurance Company filed an Objection to Magistrate Judge Ferraro's Report and Recommendation. (Doc. 30). Ms. Ferrara filed a Response to the Objection. (Doc. 31). The Court has reviewed all pertinent pleadings and is prepared to rule in favor of Ms. Ferrara.

Magistrate Judge Ferraro's Report and Recommendation ("R&R") recommends the case be remanded to state court for lack of federal jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"). Specifically, the R&R found that 21st Century showed an amount in controversy of $4,976.87.50, some $23,013 shy of the amount required for federal jurisdiction under CAFA.

21st Century argues that the Court should decline to adopt the R&R because the Magistrate's calculation of the amount in controversy did not account for potential

punitive damages available to class members under Arizona law, but which Ms. Ferrara did not demand in her complaints. To further this argument, 21st Century cites *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 982(9th Cir. 2013) ("A lead plaintiff of a putative class cannot reduce the amount in controversy on behalf of absent class members…"); *See also Standard Fire Insurance Co. v. Knowles*, ––– U.S.–––, 133 S.Ct. 1345 (2013) (holding that a lead plaintiff to a putative class could not foreclose a defendant's ability to establish the five million dollar amount in controversy by stipulating prior to class certification that the amount in controversy was less than five million dollars).

The Court finds 21st Century's argument inapposite to the case at bar. In both *Rodriguez* and *Standard Fire* the plaintiffs took action, via stipulation or waivers made in pleadings, to show that the amount in controversy for the class was less than five million dollars. Here, Ms. Ferrara has never made such stipulations or waivers which would bind putative class members.

As such, the Court finds that 21st Century has not met its burden of showing jurisdiction under CAFA. Accordingly,

**IT IS HEREBY ORDERED** *granting* Plaintiff's Motion (Doc. 15) and *adopting* the Magistrate Judge Ferraro's Report and Recommendation (Doc. 29); the Clerk of the Court is directed to remand this case to Pima County Superior Court and close this file.

**IT IS FURTHER ORDERED** *denying* Defendant's Motion to Dismiss (Doc. 16) as moot.

Dated this 6th day of August, 2014.

_____
Raner C. Collins
Chief United States District Judge